UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

----------------------------------------------------------x  Chapter 11
In re:                                                    :
                                                          :  Case No. 11-15719
CARDINAL FASTENER & SPECIALTY CO., :
INC.,                                                     :  Judge Pat E. Morgenstern-Clarren
                                                          :
                Debtor.                                   :
---------------------------------------------------------- x

**DEBTOR'S MOTION FOR ORDER ESTABLISHING CERTAIN BAR DATES AND
APPROVING FORM AND MANNER OF NOTICE THEREOF**

Cardinal Fastener & Specialty Co., Inc. ("Cardinal" or "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Case"), by and through its undersigned counsel, hereby moves (the "Motion") pursuant to sections 105, 501 and 502 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rules 2002(a)(7), 3003(c)(3), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully requests the entry of an order, substantially in the form of the proposed order attached hereto as Exhibit A (the "Proposed Bar Date Order") (a) establishing the deadline for filing governmental proofs of claim or interest and claims arising from the rejection of executory contracts or unexpired leases; (b) approving the form and manner of notice of the Bar Dates (defined below); (c) waiving the memorandum of law requirement of Local Bankruptcy Rule 9013-1, insofar as it pertains to this Motion only; and (d) granting such other and further relief to which the Debtor is justly entitled. In support of this Motion, the Debtor respectfully states as follows:

**Background**

1. On June 30, 2011 (the "Petition Date"), Cardinal commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4157100.2

2. Cardinal is continuing in possession of its properties and assets and is operating and managing its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Case. The official committee of unsecured creditors (the "Committee") was appointed on July 8, 2011 [Docket No. 30] and reconstituted in part on August 1, 2011 [Docket No. 81].

3. On July 7, 2011, the Court[1] entered the *Chapter 11 Case Scheduling Order* [Docket No. 29] in the Case stating: "Pursuant to Bankruptcy Rule 3003(c)(3), the claims bar date is set for October 17, 2011" (the "Non-Governmental Claims Bar Date"). The *Chapter 11 Case Scheduling Order* did not establish the deadline for filing governmental proofs of claim or interest.

Cardinal and Cardinal's Business

4. Cardinal, founded in 1983, is the largest fastener manufacturer of large diameter, hot forged bolts in North America. Using American-made steel, Cardinal supplies all grades, head styles, and diameters. Cardinal's customer base consists of certain "legacy" industries, primarily the construction, original equipment manufacturing, and oil and gas industries. Cardinal also supplies goods for maintenance and repair operations. Cardinal is one of the few manufacturers that complies with all guidelines for these safety critical products by manufacturing with a flat bearing surface. Cardinal's manufacturing process includes the performance of magnetic particle testing in its in-house A2LA (American Association for Laboratory Accreditation) accredited laboratory.

5. Recognizing the rapidly growing "green" energy sector, in 2007 Cardinal began to manufacture fasteners for a wind turbine builder in need of parts quickly. By January 2009, Cardinal was the world's first fastener manufacturer to obtain ISO 9001:2008 certification—its

---

[1] Hon. Randolph Baxter (Retired).
2

4157100.2

customers' metric for quality management and performance in this field. Cardinal is now approved by most of the wind turbine manufacturers as either their sole or primary supplier of safety critical fasteners. Cardinal was also named the 2010 "Supplier of the Year" by AWEA (American Wind Energy Association). Despite adversity, described below, during 2010 Cardinal's overall business grew by 38%, with its wind business alone growing by over 200%. In 2011, Cardinal's overall business was experiencing 50% growth.

6. Cardinal's reputation for quality products was further acknowledged in 2009, when then President-Elect Barack Obama, just four days before his inauguration, spent a day visiting with Cardinal and its employees. He recognized Cardinal Fastener as an "iconic," family-owned manufacturer, with three generations involved, whose "[bolts] are used everywhere . . . from coast to coast . . . in the Statue of Liberty and in the Golden Gate Bridge." (Transcript of President-Elect Barack Obama, January 19, 2009, available at: http://www.clevelandleader.com/node/8587.) Shortly thereafter Cardinal become a national face for American manufacturing and job growth.

## Jurisdiction and Venue

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The venue of the Case and this Motion are proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the Local Bankruptcy Rules.

## Relief Requested and Basis Therefor

9. The Debtor respectfully requests the entry of an order, substantially in the form of the Proposed Bar Date Order, (a) establishing the deadline for filing governmental proofs of claim or interest and claims arising from the rejection of executory contracts or unexpired leases; (b) approving the form and manner of notice of the Bar Dates (defined below); (c) waiving the

3
4157100.2

11-15719-pmc    Doc 104    FILED 08/29/11    ENTERED 08/29/11 20:10:52    Page 3 of 19

memorandum of law requirement of Local Bankruptcy Rule 9013-1, insofar as it pertains to this Motion only; and (d) granting such other and further relief to which the Debtor is justly entitled.

**A.    Bar Dates and Notice**

    i.    <u>Bar Date for Claims of Government Units</u>.

2.    Section 502(b)(9) of the Bankruptcy Code provides that claims of governmental units, as that term is defined by section 101(27) of the Bankruptcy Code, are timely if filed within 180 days after the date of the order for relief, which in this case is the Petition Date. Accordingly, the Debtor requests that the Court establish Tuesday, December 27, 2011 as the deadline for filing claims of governmental units (the "<u>Governmental Claims Bar Date</u>").

    ii.   <u>The Rejection Damage Claims Bar Date</u>.

3.    The Debtor anticipates that certain entities may assert claims in connection with the Debtor's rejection of executory contracts and unexpired leases, pursuant to section 365 of the Bankruptcy Code. The Debtor proposes that, for any claim arising from the Debtor's rejection of an executory contract or unexpired lease (each a "<u>Rejection Damage Claim</u>") that is approved by the Court pursuant to an order (a "<u>Rejection Order</u>"), the bar date for such Rejection Damage Claim be the <u>later</u> of (a) the Non-Governmental Claims Bar Date, and (b) 21 days after the date of the entry of the Rejection Order (the "<u>Rejection Damage Claims Bar Date</u> and, together with the Non-Governmental Claims Bar Date and the Governmental Claims Bar Date, the "<u>Bar Dates</u>").

**B.    Entities that Must File Proofs of Claim on or Before the Bar Dates**

4.    Except as set forth below, the Bar Dates would apply generally to all persons and entities holding or asserting claims or interests including, <u>without limitation</u>, the following: (a) creditors holding pre-Petition Date claims of any nature, at law or in equity, including without limitation, claims on account of goods or services provided to the Debtor, (b) creditors asserting

4

4157100.2

11-15719-pmc    Doc 104    FILED 08/29/11    ENTERED 08/29/11 20:10:52    Page 4 of 19

Rejection Damage Claims, and (c) governmental units (as such term is defined in section 101(27) of the Bankruptcy Code) holding pre-Petition Date claims of any nature including, without limitation, for unpaid taxes, whether arising out of prepetition tax years or periods or prepetition transactions to which Debtor was a party.

C. **Entities Not Required to File Proofs of Claim or Interest**

5. The Debtor proposes that the Bar Dates apply to each and every prepetition secured, priority unsecured, or nonpriority unsecured claim or interest, except for:

    a. a claim asserted by any person who, or entity that, has properly filed with this Court a proof of claim or interest as of the entry of the Proposed Bar Date Order;

    b. a claim asserted by any person or entity (i) whose claim against Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Debtor's Schedules of Assets and Liabilities [Dkt. No. 88] (as amended, supplemented, or otherwise modified, the "Schedules"); and (ii) who does not object to the classification and amount set forth therein;

    c. a claim asserted by any person or entity whose claim against Debtor has previously been allowed by final order of this Court;

    d. the prepetition claims (i) for which this Court has authorized payment and (ii) for which payment has been made as of the applicable Bar Date (*e.g.,* prepetition wages of Debtor's employees);

    e. claims first arising after the filing of the Case; and

    f. the postpetition claims of the United States Trustee's Office or the Bankruptcy Court for the Northern District of Ohio for fees payable under 28 U.S.C. § 1930.

D. **Effect of Failure to File Proofs of Claim**

6. Pursuant among other things to Bankruptcy Rule 3003(c)(2), any person or entity, other than an entity asserting a claim falling within the exceptions set forth *supra* herein, whose claim (a) is not set forth in the Schedules, (b) is set forth in the Schedules in an incorrect amount, or (c) is denoted in the Schedules as disputed, contingent, or unliquidated should be required to file a proof of claim on or before the applicable Bar Date, and any creditor that fails to do so

should be forever barred, estopped, and enjoined from asserting any claim or interest that such person or entity possesses against the Debtor.

7. The Debtor proposes that entities failing to file a proof of claim or interest on or before the applicable Bar Date should be forever barred, estopped, and enjoined from: (a) asserting any claim against, or interest in, the Debtor that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, non-contingent, and liquidated, or (ii) is of different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim being referred to herein as an ((i) and (ii), collectively, an "<u>Unscheduled Claim</u>"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in this Case with respect to any Unscheduled Claim.

8. The Debtor retains the right to dispute, or to assert offsets or defenses against, any claim listed or reflected on the Schedules as to amount, liability, classification or otherwise; to subsequently designate any claim as disputed, contingent, or unliquidated; and to object to any claim listed or reflected on the Schedules; <u>provided</u>, <u>however</u>, that if the Debtor amends the Schedules to designate a claim as disputed, contingent, or unliquidated or to change the amount of a claim reflected therein, then the affected creditor shall be granted 21 days from the date of the mailing of notice to such creditor in which to file a proof of claim. Nothing set forth herein shall preclude Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

E. **Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim**

9. If entered, the Debtor proposes serving the Proposed Bar Date Order by first-class, United States Mail, postage prepaid, on (a) the Office of the United States Trustee for Region IX, (b) the Debtor's secured creditors or their counsel; (c) counsel for the Committee; (d) those parties that have filed notices of appearance or request for notice in the Case as of the date

of entry of the Proposed Bar Date Order; (e) the Internal Revenue Service; and (f) all persons or entities whose names and addresses are known to Debtor who hold an interest in Debtor or who may have claims of any kind against Debtor, including, but not limited to, persons or entities listed on the Schedules.

10. The Debtor submits that the proposed Claim Bar Dates, and notice thereof by way of service of the Proposed Bar Date Order, provide an adequate amount of time for creditors to prepare and file claims, if necessary.

## WAIVER OF MEMORANDUM OF LAW

10. Because this Motion does not present any novel questions of law, and the basis for the relief requested is detailed herein, the Debtor respectfully requests a waiver of the memorandum of law requirement of Local Bankruptcy Rule 9013-1, insofar as it pertains to this Motion only.

## NOTICE

11. Notice of this Motion has been given to (a) the Office of the United States Trustee; (b) Wells Fargo Bank, National Association and Grow America Fund, Inc., the Debtor's secured creditors; (c) counsel for the Committee, (d) the Internal Revenue Service, and (e) all creditors or interested parties who filed a notice of appearance or request for notice in the Debtor's bankruptcy case as of the filing of this Motion. Debtor respectfully submits that, under the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

12. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order, substantially in the form of the Proposed Bar Date Order, (a) establishing the deadline for filing governmental proofs of claim or interest and claims arising from the rejection of executory contracts or unexpired leases; (b) approving the form and manner of notice of the Bar Dates; (c) waiving the memorandum of law requirement of Local Bankruptcy Rule 9013-1, insofar as it pertains to this Motion only; and (d) granting such other and further relief to which the Debtor is justly entitled.

Dated: August 29, 2011

Respectfully submitted by:

*/s/ Emily W. Ladky*
Rocco I. Debitetto (0073878)
Emily W. Ladky (0085527)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
E-Mail: ridebitetto@hahnlaw.com
eladky@hahnlaw.com

*Counsel for Debtor and Debtor-in-Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing were served upon the parties identified on the attached Service List on this 29th day of August 2011 by the method indicated.

*/s/ Emily W. Ladky*
*One of the Attorneys for Debtor and Debtor-in-Possession*

4157100.2

**SERVICE LIST**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case and were served by the Court's electronic noticing system:

- Nicholas Brannick    nicholas.brannick@ssd.com

- Adam D. Cornett    acornett@taftlaw.com, cmillner@taftlaw.com;docket@taftlaw.com

- Rocco I. Debitetto    ridebitetto@hahnlaw.com, ridebitetto@yahoo.com;hlpcr@hahnlaw.com

- Kimberlie L Huff    khuff@taftlaw.com, sschmidt@taftlaw.com

- Emily Ladky    eladky@hahnlaw.com, hlpcr@hahnlaw.com

- G. Christopher Meyer    christopher.meyer@ssd.com, ann.bell@ssd.com;cle_dckt@ssd.com

- Peter Morrison    peter.morrison@ssd.com, cle_dckt@ssd.com

- Kelli K. Perk    kperk@cuyahogacounty.us

- Jean R. Robertson    jrobertson@calfee.com

- Kevin P. Shannon    kshannon@calfee.com

- William J Stavole    wstavole@taftlaw.com, sschmidt@taftlaw.com

- United States Trustee    (Registered address)@usdoj.gov

- Nathan A Wheatley    nwheatley@calfee.com

- Elias T. Xenos    etx@xenoslawfirm.com

4157100.2

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case and who were served by United States Mail, postage prepaid:

League Park Advisors LLC
25101 Chagrin Blvd Suite 210
Cleveland, OH 44122

Wells Fargo Bank, National Association
299 S. Main Street, 6th Floor
Salt Lake City, UT 84111

Grow America Fund, Inc.
708 Third Avenue, Suite 710
New York, NY 10017

Small Business Administration
Cleveland District Office
1350 Euclid Avenue, Suite 211
Cleveland, OH 44115-1815

Internal Revenue Service
Insolvency Group 6
1240 E. 9th Street, Room 493
Cleveland, OH 44199

Office of the United States Trustee
201 Superior Ave. East, Ste 441
Cleveland, OH 44114

# EXHIBIT A

4157100.2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

---------------------------------------------------------x   Chapter 11
In re:                                                   :
                                                         :   Case No. 11-15719
CARDINAL FASTENER & SPECIALTY CO., :
INC.,                                                    :   Judge Pat E. Morgenstern-Clarren
                                                         :
                    Debtor.                              :
--------------------------------------------------------- x

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER ESTABLISHING CERTAIN BAR DATES AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

This matter came to be considered on the *Debtor's Motion for Order Establishing Certain Bar Dates and Approving Form and Manner of Notice Thereof* dated August 29, 2011(the "Motion"), filed on behalf of Cardinal Fastener & Specialty Co., Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Case"). The Court, having reviewed the Motion, hereby FINDS that: (a) the Debtor commenced this Case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, (the "Bankruptcy Code") on June 30, 2011 (the "Petition Date");

2

4157100.2

(b) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (d) venue of the Case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the Local Bankruptcy Rules; (e) the Court[1] previously entered that certain *Chapter 11 Case Scheduling Order* [Dkt. No. 29], thereby establishing October 17, 2011, as the deadline for all non-governmental units to file proofs of pre-Petition Date claims in the Case (the "Non-Governmental Claims Bar Date"); and (f) the Motion states just cause for the relief granted herein.

Now, THEREFORE, in view of the forgoing FINDINGS, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. **Motion Granted**. The Motion is GRANTED as set forth herein.

2. **Non-Governmental Claims Bar Date**. As already established pursuant to the Non-Governmental Bar Date Order, the deadline for persons or entities who are not governmental units to file proofs of pre-Petition Date claims or interests in the Case is the Non-Governmental Claims Bar Date.

3. **Governmental Claims Bar Date**. The deadline for governmental units to file proofs of pre-Petition Date claims or interests in the Case is **December 27, 2011** (the "Governmental Claims Bar Date").

4. **Rejection Damage Claims Bar Date**. The deadline for non-debtor parties to executory contracts or unexpired leases rejected during the Case to file proofs of claim pursuant to Bankruptcy Code Section 365(g) (collectively "Rejection Damage Claims") is the **later** of (a) the Non-Governmental Claims Bar Date; and (b) twenty-one (21) days after the entry of the order authorizing the rejection of the executory contract or unexpired lease giving rise to the

---

[1] Honorable Randolph Baxter (Retired).

Rejection Damage Claim (the "Rejection Damage Claims Bar Date" and, together with the Non-Governmental Claims Bar Date and the Governmental Claims Bar Date, the "Bar Dates").

5. **Bar Date Exceptions**. Notwithstanding the forgoing, the Bar Dates do not apply to the following (collectively the "Bar Date Exceptions"):

   a. proofs of claim or interest properly filed with this Court as of the date this Order is entered;

   b. a claim asserted by any person or entity (i) whose claim against Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Debtor's *Schedules of Assets and Liabilities* [Dkt. No. 88] (as amended, supplemented, or otherwise modified, the "Schedules"); and (ii) who does not object to the classification and amount of such claim;

   c. a claim asserted by any person or entity whose claim against Debtor has previously been allowed by final order of this Court;

   d. pre-Petition Date claims (i) for which this Court has authorized payment and (ii) for which payment has been made as of the applicable Bar Date (*e.g.*, prepetition wages of Debtor's employees);

   e. claims first arising after the filing of the Case; and

   f. claims of the United States Trustee's Office or the Bankruptcy Court for the Northern District of Ohio for fees payable under 28 U.S.C. § 1930.

6. **Debtor's Right to Object to Claims or Interests**. Debtor shall retain the right to dispute, or to assert offsets or defenses against, any claim or interest listed or reflected on the Schedules as to amount, liability, classification or otherwise; subsequently to designate any claim or interest as disputed, contingent, or unliquidated; or to object to any claim or interest listed or reflected in the Schedules; provided, however, that if Debtor amends the Schedules to designate a claim or interest as disputed, contingent, or unliquidated, or to change the amount of a claim or interest reflected therein, then the affected creditor or interest holder shall be granted 21 days from the date of the mailing of notice to such creditor or interest holder in which to file a proof of claim or interest. Nothing set forth herein shall preclude Debtor from objecting to any claim

or interest, whether scheduled or filed, on any grounds.  Nothing contained herein is or shall be deemed to be an admission by the Debtor as to the nature, extent, validity, or priority of any claim or interest.

7. **Effect of Failure to File Proof of Claim or Interest Timely.** **Holders of alleged claims or interests <u>not</u> falling within any of the Bar Date Exceptions <u>must</u> file a proof of claim or interest on or before the applicable Bar Date.  Unless otherwise ordered by the Court, failure to file proof of an alleged claim or interest timely results in (a) such alleged claim or interest being forever disallowed; (b) ineligibility to vote on any plan of reorganization or liquidation in respect of such alleged claim or interest; (c) ineligibility to receive any distributions in respect of such alleged claim or interest.**

8. **Filing of Proofs of Claim or Interest**.  Proofs of claim and proofs of interest may be filed electronically via the Court's ECF (Electronic Case Filing) System, in person, or by courier service, mail or hand delivery addressed to:

>Office of the Clerk
>United States Bankruptcy Court
>Howard M. Metzenbaum U.S. Courthouse
>201 Superior Avenue
>Cleveland, Ohio 44114-1235

9. **Service of Bar Date Order**.  Within two (2) days after entry of this Order, the Debtor shall serve a copy of this Order by regular, United States Mail, postage prepaid, on the following: (a) the Office of the United States Trustee for Region IX, (b) the Debtor's secured creditors or their counsel; (c) counsel for the Committee; (d) those parties that have filed notices of appearance or request for notice in the Case as of the date of entry of this Order; (e) the Internal Revenue Service; and (f) all persons or entities whose names and addresses are known to

Debtor who hold an interest in Debtor or who may have claims of any kind against Debtor, including, but not limited to, persons or entities listed on the Schedules.

    10.    **Bar Date Order Final**.  This Order is FINAL and effective immediately.

IT IS SO ORDERED.

Prepared and submitted by:

*/s/ Emily W. Ladky*
Rocco I. Debitetto (0073878)
Emily W. Ladky (0085527)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:  (216) 621-0150
Facsimile:   (216) 241-2824
E-Mail:      ridebitetto@hahnlaw.com
               eladky@hahnlaw.com

Counsel for Debtor and Debtor-in-Possession

###

**Copies to:**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case and were served by the Court's electronic noticing system:

- Nicholas Brannick    nicholas.brannick@ssd.com
- Adam D. Cornett    acornett@taftlaw.com, cmillner@taftlaw.com;docket@taftlaw.com
- Rocco I. Debitetto    ridebitetto@hahnlaw.com, ridebitetto@yahoo.com;hlpcr@hahnlaw.com
- Kimberlie L Huff    khuff@taftlaw.com, sschmidt@taftlaw.com
- Emily Ladky    eladky@hahnlaw.com, hlpcr@hahnlaw.com
- G. Christopher Meyer    christopher.meyer@ssd.com, ann.bell@ssd.com;cle_dckt@ssd.com
- Peter Morrison    peter.morrison@ssd.com, cle_dckt@ssd.com
- Kelli K. Perk    kperk@cuyahogacounty.us
- Jean R. Robertson    jrobertson@calfee.com
- Kevin P. Shannon    kshannon@calfee.com
- William J Stavole    wstavole@taftlaw.com, sschmidt@taftlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Nathan A Wheatley    nwheatley@calfee.com
- Elias T. Xenos    etx@xenoslawfirm.com

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case and who were served by United States Mail, postage prepaid:

    League Park Advisors LLC
    25101 Chagrin Blvd Suite 210
    Cleveland, OH 44122

    Wells Fargo Bank, National Association
    299 S. Main Street, 6th Floor
    Salt Lake City, UT 84111

    Grow America Fund, Inc.
    708 Third Avenue, Suite 710
    New York, NY 10017

    Small Business Administration
    Cleveland District Office
    1350 Euclid Avenue, Suite 211
    Cleveland, OH 44115-1815

    Internal Revenue Service
    Insolvency Group 6
    1240 E. 9th Street, Room 493
    Cleveland, OH 44199

    Office of the United States Trustee
    201 Superior Ave. East, Ste 441
    Cleveland, OH 44114